**Michael COLLINS, Plaintiff,**

v.

**CHRYSLER CORPORATION, Defendant.**

No. 84–2418C(1).

United States District Court, E.D. Missouri, E.D.

March 5, 1985.

Michael J. Hoare, Chackes & Hoare, St. Louis, Mo., for plaintiff.

Charles A. Newman, Thompson & Mitchell, St. Louis, Mo., for defendant.

### MEMORANDUM

NANGLE, Chief Judge.

This case is now before this Court on defendant's motion to dismiss or, in the alternative, for summary judgment. This Court grants defendant's motion for summary judgment.

■ Plaintiff's complaint was brought under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Plaintiff was an employee of defendant at its assembly plant in Fenton, Missouri. Following a layoff, plaintiff was contacted by defendant concerning a possible rehiring of laid-off employees. Plaintiff alleges that he was not rehired on account of his handicap, a bad back. Plaintiff's complaint alleges that defendant is a recipient of federal financial assistance, as required by § 504.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983); Vette Co. v. Aetna Casualty and Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Buller, 706 F.2d at 846. However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See also 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d, § 2739 (1983).

Defendant bases its motion for summary judgment upon its uncontested affidavits, which establish that although Chrysler participates in certain programs that receive federal financial assistance, plaintiff was not denied employment in such a program. In response to said affidavits, plaintiff stated that "he cannot resist defendant's motion for summary judgment within the standards set forth in Rule 11 [F.R.Civ.P. 11], in light of the information provided by defendant, under oath, in their [sic] motion for summary judgment." Moreover, plaintiff moved this Court to grant him leave to dismiss his complaint without prejudice under Rule 41(a)(2). F.R.Civ.P. 41(a)(2).

In the opinion of this Court, it is clear that defendant is entitled to summary judgment on plaintiff's complaint. Although the Supreme Court has never expressly

defined what is meant by the terms "program or activity" as used in § 504, it has indicated in *dicta* that said language "limits the ban on discrimination to the specific program that receives federal funds." *Consolidated Rail Corporation v. Darrone,* — U.S. —, 104 S.Ct. 1248, 1255, 79 L.Ed.2d 568 (1984). In the case at bar, it is an undisputed fact that the "program" of defendant in which plaintiff was seeking employment, did not receive federal funds. Accordingly, there is no evidence in this case which would sustain a verdict for plaintiff under any circumstances.

■ With respect to plaintiff's motion to dismiss without prejudice, it is denied. This Court knows of no reason, legal or equitable, why plaintiff's motion should be granted. Plaintiff's action is clearly without merit and borders on the frivolous. Moreover, defendant has expended substantial time, effort and money to defend this suit to date. In these circumstances, defendant is entitled to the benefit of a judgment on the merits that will preclude further litigation of this matter.